IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERBERT DARRELL HAY, AND | § | |
| WILLIAM C. STEELE, | § | |
|     Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-09-3574 |
| | § | |
| RICK THALER, *et al.*, | § | |
|     Defendants. | § | |

<u>ORDER</u>

On December 21, 2009, the Court dismissed plaintiffs Herbert Darrell Hay's and William C. Steele's civil rights complaint without prejudice and ordered the Clerk to open a new civil action for each plaintiff. (Docket Entry No. 10). Plaintiffs have now file a Motion for Reconsideration, and/or Modification of Order of Dismissal (Docket Entry No.11), which the Court construes as a Motion to Alter or Amend Judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

A motion filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e). <u>Edward H. Bohlin Co. v. Banning Co.</u>, 6 F.3d 350, 353 (5th Cir. 1993). A Rule 59(e) motion may be granted if the moving party demonstrates any of the following:  (1) the judgment was based upon a manifest error of law or fact;  (2) there is newly discovered or previously unavailable evidence;  (3) to prevent manifest injustice;  and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §

2810.1 (2d ed. 1995). However, a Rule 59(e) motion may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id.

Plaintiffs do not allege that the judgement should be modified to correct a clear error of law or fact. Because no other provision applies to this case, the Court presumes that plaintiffs request the Court to modify its judgment to prevent manifest injustice. Plaintiffs contend that they should be allowed to litigate their claims in one suit as co-plaintiffs. (Docket Entry No.11). They claim that they seek relief from the same defendants on the same grounds and that they have expended scarce funds to prepare motions and serve defendants. (Id.). Plaintiffs also claim that inmate Steele must rely on inmate Hays because Steele is ill and not as well-educated as Hays. (Id.). Plaintiff Hays indicates that he was unaware that his filing fee had not been paid and that he will seek to proceed *in forma pauperis*. (Id.).

The Court is well-aware of the obstacles that an inmate faces in prosecuting a civil rights complaint. Plaintiffs, however, have not shown that the dismissal of the present suit has denied them access to the courts or that modification of the Order of Dismissal would prevent manifest injustice. An inmate's right to access the courts entitles the inmate to receive legal assistance from a fellow inmate "unless prison officials provide reasonable alternative assistance." Tighe v. Wall, 100 F.3d 41,

2

43 (5th Cir. 1996) (quoting Gassler v. Rayl, 862 F.2d 706, 707 (8th Cir. 1988); see also Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) (holding under FED. R. CIV. PROC. 11(a) that "in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a non-lawyer"). However, "[p]risoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed." Tighe, 100 F.3d at 43. Moreover, a plaintiff may only bring a section 1983 action for deprivations he himself has suffered. Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977). Other than enabling them to share resources and avoid duplicity, plaintiffs state nothing to show that modification of the Court's Order of Dismissal would prevent manifest injustice or to entitle them to relief under Rule 59(e).

Accordingly, plaintiffs' Motion for Reconsideration, and/or Modification of Order of Dismissal (Docket Entry No.11) is DENIED. All other pending motions, if any, are DENIED.

SIGNED at Houston, Texas, on February 3, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

3